IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 9:13cv80233

CHRISTIAN CREDIT COUNSELORS, INC., a Michigan corporation,

    Plaintiff,

v.

CHRISTIAN CREDIT COUNSELING CENTER, LLC, a Florida limited liability company,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CHRISTIAN CREDIT COUNSELORS, INC. ("plaintiff" or "CCCI"), by and through its counsel, alleges against CHRISTIAN CREDIT COUNSELING CENTER ("defendant" or "CCCC") as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin under (15 U.S.C. 1051, *et seq.*), cybersquatting under 15 U.S.C. § 1125(d), trademark infringement under common law, and unfair competition under state and common law.

### THE PARTIES

2. Plaintiff CCCI is a Michigan corporation with a place of business in Carlsbad, California.

3. On information and belief, defendant CCCC is or purports to be a Florida limited liability company having a principle place of business at 455 NW 35th Street, #104A, Boca Raton, Florida 33431.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over defendant because defendant resides in the Southern District of Florida and has transacted business in the Southern District of Florida. Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Southern District of Florida.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because defendant resides in the district and a substantial part of the events or omissions giving rise to this claim for false designation of origin and unfair competition occurred in this district and defendant has significant contacts with the district.

## FACTS

7. CCCI, a non-profit credit counseling organization that has offered professional credit counseling and debt management services since as early as 1981.

8. CCCI is the owner of the CHRISTIAN CREDIT COUNSELORS trademark. CCCI has used the CHRISTIAN CREDIT COUNSELORS trademark and designation throughout the United States in interstate commerce in conjunction with credit counseling services since at least as early as 1981. As such, CCCI has established priority of use. The CHRISTIAN CREDIT COUNSELORS trademark is inherently distinctive and recognized by the relevant consuming public as plaintiff's mark.

9. CCCI has the used the CHRISTIAN CREDIT COUNSELORS mark in a variety of media including radio, print and internet advertisement. An exemplary use of the plaintiff's CHRISTIAN CREDIT COUNSELORS trademark is shown in **Exhibit A** attached hereto.

10. CCCI is the owner of U.S. Trademark Registration No. 3,034,800 for CHRISTIAN CREDIT COUNSELORS trademark registration. A true and correct copy of said registration is attached hereto as **Exhibit B**.

11. Defendant is also in the business of providing debt counseling services. Defendant has adopted the confusingly similar trademark CHRISTIAN CREDIT COUNSELING.  An exemplary use of the defendant's CHRISTIAN CREDIT COUNSELING trademark is shown in **Exhibit C** attached hereto.

12. On information and belief, defendant's unlawful use of the CHRISTIAN CREDIT COUNSELING trademark has caused actual confusion amongst consumers and initial interest confusion as to the origin of their respective products and services.

13. On information and belief, defendant has adopted the designation CHRISTIAN CREDIT COUNSELING trademark in a willful attempt to trade off of plaintiff's goodwill and reputation in the debt counseling services industry, and to divert business away from plaintiff and to defendant.

14. Plaintiff invests substantial sums in producing its goods and services and in marketing its CHRISTIAN CREDIT COUNSELORS trademark.  Plaintiff has established substantial goodwill and brand recognition with the consuming public.

15. Moreover, on information and belief, defendant's services are inferior to plaintiff's services resulting in consumer confusion as to the quality as well as source of plaintiff's services.

16. Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from defendant's unlawful and willful acts.  Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued activity.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Trademark Infringement -15 U.S.C. §1114)**

17. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

18. On information and belief, defendant willfully and intentionally adopted and used

trademarks confusingly similar to plaintiff's CHRISTIAN CREDIT COUNSELORS mark to steal plaintiff's goodwill.  Additionally, defendant has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's service.

19. By reason of the foregoing and upon information and belief, defendant has violated Lanham Act by using, in connection with their goods and advertisements, a mark likely to cause a likelihood of confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's service and commercial activities.

20. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage caused by defendant.

## Second Claim for Relief

### (False Designation of Origin -15 U.S.C. §1125)

21. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

22. On information and belief, defendant willfully and intentionally adopted and used trademarks and designations of origin confusingly similar to plaintiff's CHRISTIAN CREDIT COUNSELORS mark to steal plaintiff's goodwill.  Additionally, defendant has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's service.

23. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage caused by defendant.

## Third Claim for Relief

### (Violation of Anticybersquatting Consumer Protection Act –

### 15  U.S.C. § 1125(d), *et seq.*)

24. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 16, inclusive.

25. On information and belief, some years after plaintiff adopted use of the CHRISTIAN CREDIT COUNSELORS trademark, defendant registered the confusingly similar Internet domain name ChristianCreditCounselingCenter.com.  Defendant has used this Internet domain name for commercial gain.  On information and belief, defendant's registration of the domain name is in bad faith, for, *inter alia,* the following reasons: (1) Defendant has no legitimate rights in the trademark CHRISTIAN CREDIT COUNSELING; (2) Defendant has no intention of noncommercial or fair use of the trademark CHRISTIAN CREDIT COUNSELING at a site accessible under the domain name; and (3) Defendant registered the trademark to divert consumers for commercial gain.

26. Defendant's actions, as set forth herein, constitutes a willful violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), all to the damage of plaintiff as previously alleged.

## Fourth Claim for Relief

### (Deceptive and Unfair Practices Act – Florida Statue §§ 501.201 *et seq.*))

27. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

28. Defendant's uses of marks confusingly similar to CHRISTIAN CREDIT COUNSELORS in commerce is likely to cause consumers to be confused, mistaken, or deceived in that members of the public are likely to believe that the products sold under such terms have an affiliation or connection plaintiff and are, thus, unfair methods of competition and unfair or deceptive acts.

29. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage caused by defendant.

## Fifth Claim for Relief

### (Trademark Infringement – Florida Common Law)

30. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

31.     On information and belief, defendant willfully and intentionally adopted and used trademarks confusingly similar to plaintiff's CHRISTIAN CREDIT COUNSELORS mark to steal plaintiff's goodwill.  Additionally, defendant has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's service.

32.     By reason of the foregoing and upon information and belief, defendant has violated Florida common law by using, in connection with their goods and advertisements a designation and mark likely to cause a likelihood of confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's service and commercial activities.

33.     By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage caused by defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff asks that this Court grant judgment against defendant for the following:

A.  Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:
    i.   infringing plaintiff's trademarks;
    ii.  competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and
    iii. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.
B.  Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraph (A) above.

Case No. 9:13cv80233

- C. Plaintiff recovers all damages it has sustained as a result of defendant's infringement, false designation of origin and unfair competition.
- D. Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.
- E. An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.
- F. Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.
- G. Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.
- H. Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.
- I. The ChristianCreditCounselingCenter.com domain name registration be transferred to plaintiff.
- J. Plaintiff receive all other relief the Court deems appropriate.

Case No. 9:13cv80233

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

**Dated: March 6, 2013**				Respectfully submitted,

					Walter J. Mathews & D. Patricia Wallace
					Fla. Bar Nos. 0174319 & 0185930
					wjmathews or pwallace@wjmlawfirm.com
					Mathews Wallace, LLP
					Attorneys for Plaintiff
					Courthouse Law Plaza
					700 SE Third Avenue, Suite 400
					Fort Lauderdale, Florida 33316
					Tel:   (954) 463-1929 Fax: -1920


					By:	    s/ D. Patricia Wallace
						D. Patricia Wallace

					Ben T. Lila[1]
					Cal. Bar No. 246808
					Email: blila@mandourlaw.com
					MANDOUR & ASSOCIATES, APC
					Attorneys for Plaintiff
					16870 West Bernardo Drive, Ste. 400
					San Diego, CA 92127
					T: 858-487-9300

---

[1] Application for *pro hac vice* admission shall be filed promptly after filing the complaint.